FILED
APR 14 2009
APR 14 2009
MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

A CERTIFIED TRUE COPY
ATTEST

By Mecca S. Thompson on Apr 09, 2009

FOR THE UNITED STATES
JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

UNITED STATES JUDICIAL PANEL
on
MULTIDISTRICT LITIGATION

UNITED STATES
JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

Apr 09, 2009

FILED
CLERK'S OFFICE

IN RE: LE-NATURE'S, INC., COMMERCIAL
LITIGATION

MDL No. 2021

**TRANSFER ORDER**

08cv2138

**Before the entire Panel:** Defendants Marshall Investments Corp.; Marshall Financial, Inc.; Marshall Bankfirst Corp. (collectively and with The Marshall Group, Inc., the Marshall entities); CIT Group/Equipment Financing, Inc. (CIT Group);[1] and Wiley H. Sharp, III, have moved, pursuant to 28 U.S.C. § 1407, for coordinated or consolidated pretrial proceedings of this litigation in the Western District of Pennsylvania. Defendants Krones, Inc.; Krones AG; Heinz Sommer; Volker Kronseder (the Krones entities); Wachovia Bank, NA; Wachovia Capital Markets, LLC; and BDO Seidman, LLP, and Ernst & Young LLP (Ernst & Young),[2] support the motion. The United States of America has also submitted an interested party response in support of the motion. The Northern District of Illinois plaintiff opposes centralization. The Northern District of Alabama plaintiffs oppose centralization or, alternatively, support centralization in the Northern District of Illinois. The Central District of California potential tag-along plaintiffs oppose inclusion of their action in MDL proceedings.

This litigation currently consists of five actions listed on Schedule A and pending in four districts, two actions in the District of Arizona, and one action each in the Northern District of Alabama, the Northern District of Illinois, and the Western District of Pennsylvania.[3] These actions share factual questions arising out of a complex fraudulent scheme allegedly perpetrated by Le-Nature's, Inc. (Le-Nature's) and its principals. The Western District of Pennsylvania action brought by the Liquidation Trustee of the Le-Nature's Liquidation Trust (the Trustee) encompasses the whole of the scheme, and alleges that Le-Nature's suffered significant damages by being kept afloat with fraudulent debt. The Trustee alleges that Le-Nature's principals and other entities, including banks

---

[1] CIT Group is also the plaintiff in the District of Arizona action included in the motion before us.

[2] Ernst & Young was a defendant in a sixth related action that was included in the original motion before us. That action has since been remanded to state court.

[3] The motion before the Panel, as originally filed, included only one action in the District of Arizona. The additional District of Arizona action is included in the matter before us, because all parties to that action have stated in writing their respective positions on the Section 1407 motion and were present during oral argument at the Panel's March 26th hearing. Also, these parties support centralization in the Western District of Pennsylvania.

CERTIFIED FROM THE RECORD
Date 4-13-09
ROBERT V. BARTH, JR., CLERK
_____
Deputy Clerk

and suppliers, participated in various aspects of the scheme. The remaining three actions (the bottling actions) pertain to a particular financing arrangement in which Le-Nature's represented to investors the need for a new bottling plant in Phoenix and sought approximately $190 million in financing to purchase bottling equipment. The actual purchase price of the equipment was later determined to be only $90 million.

On the basis of the papers filed and hearing session held, we find that these four actions involve common questions of fact, and that centralization under Section 1407 in the Western District of Pennsylvania will serve the convenience of the parties and witnesses and promote the just and efficient conduct of this litigation. Centralization will eliminate duplicative discovery; prevent inconsistent pretrial rulings; and conserve the resources of the parties, their counsel, and the judiciary.

Plaintiffs opposed to centralization argue, *inter alia*, that (1) the allegations pertaining to the bottling actions make up only a minimal part of the Trustee's case; (2) all active parties to the bottling actions have admitted that Le-Nature's perpetrated a systematic fraudulent scheme and, therefore, a large portion of the allegations set forth in the Trustee's action is insignificant to the bottling actions; (3) the bottling actions are straightforward fraud cases that can readily be handled by their respective district courts; and (4) discovery can be coordinated in the bottling actions without centralization. Some of these are certainly reasonable contentions.

On balance, however, we find that centralization in the Western District of Pennsylvania is appropriate. All actions arise out of Le-Nature's alleged fraud, which was a complex web of deceit and payoffs. As is shown by the presence of third party claims, defendants to each action are likely to insist that the blame lies with other parties to the transactions. Thus, while the Trustee's action may be broader than the bottling actions, they will still embrace much of the same complex discovery. The knowledge and conduct of the Marshall entities, CIT Group, the Krones entities, and various individuals will be involved in both the bottling actions and the Trustee's action. The ongoing informal coordination of these actions is certainly commendable. Nevertheless, centralization under Section 1407 will enable one judge to streamline pretrial proceedings and make consistent rulings on discovery disputes and dispositive motions. Moreover, the transferee judge can accommodate common and individual discovery tracks concurrently.

We are persuaded that the Western District of Pennsylvania is an appropriate transferee forum for this litigation, and is clearly a key focal point. Le-Nature's was headquartered in that district, and related bankruptcy and criminal proceedings are occurring there. Many third party witnesses will likely be found in that district.

IT IS THEREFORE ORDERED that, pursuant to 28 U.S.C. § 1407, the actions listed on Schedule A and pending outside the Western District of Pennsylvania are transferred to the Western District of Pennsylvania and, with the consent of that court, assigned to the Honorable David Cercone for coordinated or consolidated pretrial proceedings with the action pending there and listed on Schedule A.

-3-

PANEL ON MULTIDISTRICT LITIGATION

_____
John G. Heyburn II
Chairman

| | |
|---|---|
| J. Frederick Motz | Robert L. Miller, Jr. |
| Kathryn H. Vratil | David R. Hansen |
| W. Royal Furgeson, Jr. | Frank C. Damrell, Jr. |

IN RE: LE-NATURE'S, INC., COMMERCIAL
LITIGATION                                           MDL No. 2021

## SCHEDULE A

### Northern District of Alabama

Compass Financial Corp., et al. v. Marshall Investments Corp., et al., C.A. No. 2:07-1543

### District of Arizona

CIT Group/Equipment Financing, Inc. v. Krones, Inc., et al., C.A. No. 2:08-1948
CIT Group/Equipment Financing, Inc. v. BDO Seidman, LLP, C.A. No. 2:09-521

### Northern District of Illinois

MB Financial Bank, N.A. v. Marshall Investments Corp., et al., C.A. No. 1:08-2138

### Western District of Pennsylvania

Marc S. Kirschner, etc. v. Wachovia Capital Markets, LLC, et al., C.A. No. 2:08-1518